LEWIS SIMMONS, EDWIN N. SLOCUM AND HENRY B. KIMBALL ads. EDWIN KELLY AND FRANCIS G. LEON.

1. In an action on a bail-bond, in a court where the original action is not pending, after judgment by default, it is too late to object to the jurisdiction; it will be intended that there were special circumstances.
2. Where judgment by default is entered in such court, on a bail-bond given in an action upon contract for an uncertain sum, not a mere matter of calculation or readily ascertained, a writ of inquiry must be issued to assess damages. An assessment by the clerk of the court, for the amount of the judge's order for bail, will be set aside.
3. Judgment must be entered for the penalty of the bond, with assessment to determine the debt or damages to be collected by execution. The measure of this debt or damages against the bail is the amount recoverable in the original action, costs of suit not exceeding the penalty of the bond.

On rule to show cause why judgment by default.on a bail-bond should not be vacated, and an assessment by the clerk of the court set aside.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the defendants, *Guild & Lum.*

For the plaintiffs, *T. A. Jobs.*

The opinion of the court was delivered by

SCUDDER, J. The plaintiffs brought an action against the defendants, Lewis Simmons and Edwin N. Slocum, for breach of contract in discharging them from employment without reasonable cause. A *capias ad respondendum* was issued out of the Court of Common Pleas of Essex county, and the defendants were arrested. They gave a bail-bond to the sheriff in the penal sum of $2000, twice the sum for which the defendants were required to give bail. Henry B. Kimball, the other defendant, became their surety in the bond, and they were discharged from arrest.

The defendants, Simmons & Slocum, did not put in special bail; the bond was assigned by the sheriff to the plaintiffs, and an action brought thereon in this court.

This was irregular : the action should have been brought in the court where the original action was pending, and if application had been made to this court before judgment, the proceedings here would have been set aside. *Florence* v. *Shumar*, 5 *Vroom* 455.

But it is too late, after judgment, to object that the action was not brought in the Court of Common Pleas, where the suit was begun. It will be intended, in favor of the judgment here, that there were special circumstances which warranted a departure from the general rule.

The defendant Kimball did not appear in obedience to the

command of the writ. The other defendants, Simmons & Slocum, were non-residents, and not served.

There was an interlocutory judgment by default entered against Kimball, and the clerk assessed the debt, not for the amount sworn to in the affidavit to hold to bail, but for the sum of $1000, the amount contained in the judge's order for bail. It is assessed in this form : " Amount of penalty, $2000 ; amount of real debt, $1000." Interest is added on $1000, amounting to $151.66, making a total of $1151.66.

Kimball, the surety in the bail-bond, objects to the regularity of this assessment, and says there should have been a writ of inquiry to ascertain the amount of damages recoverable by the plaintiffs in their original action against Simmons & Slocum. If the action on the bail-bond had been brought in the Court of Common Pleas of Essex county, he could have protected himself, and had the benefit of Sections 94–99 of the Practice Act. *Rev.*, *p.* 863.

The terms of Section 94 are, that the court in which the action is brought may, by rule of court, give such relief to the plaintiff and defendant in the original action, and to the bail upon the bail-bond, or the security taken from such bail, as is agreeable to justice and reason.

The following sections specify the relief that will be afforded by the court. Under these sections, proceedings on the bail-bond may be stayed, to enable the defendants to contest the plaintiffs' claim. *Condit* v. *Baldwin,* 4 *Harr.* 143.

This protection the surety has waived, by not objecting to the proceedings in this court, and allowing judgment to pass against him here. It is now too late, if the court here could discharge these proceedings, for relief in the original court, for the plaintiffs might have long since had their judgment in the original action if bail had been filed in due time. This defendant has, therefore, been in such laches that he must submit to a judgment in this court. What shall be the form of that judgment, and of the assessment, are the questions that remain to be determined.

Before the 8 and 9 *William III., ch.* 11, the plaintiff, if he obtained a judgment in an action on a bond, recovered the full penalty of the bond, besides costs of suit, and he was also entitled to take out execution for the whole, without any regard to the damages which he had sustained by a breach of the condition, and the defendant could only obtain relief against this result by application to a court of equity. This act remedied the hardship of the rule in all actions upon any bond or bonds, or on any penal sum for non-performance of any covenants or agreements in any indenture, deed or writing contained, and directed that breaches be assigned, and that the jury, *upon trial*, should assess damages. 2 *Chitty's Arch. Prac., pt. II.,* § 4, *p.* 1006. The provisions relating to bonds with special conditions we have in our statute concerning obligations. *Rev., p.* 742.

This statute has added, " or upon any bond with condition other than for the payment of money." But it has been decided that in bonds other than for the payment of money, such as indemnity bonds, the judgment must be entered for the penalty, and execution is taken from time to time for the particular damages found by the jury on succeeding breaches. *Roll* v. *Maxwell*, 2 *South.* 93; *Graccam* v. *Allen*, 2 *Green* 74.

The form is to enter judgment for the penalty of the bond, have the damages assessed, and whatever sum is found for the plaintiff is endorsed on the execution as a direction to the officer of the amount to be raised.

The court say, in *Graccam* v. *Allen*, that bail-bonds have never been held to be within the provisions of 8 and 9 *William III.*, nor within the provisions of our act, above cited, concerning obligations, and quote *Moody* v. *Pheasant*, 2 *Bos. & Pul.* 446.

See also 2 *Chitty's Arch. Prac., pt. II.,* § 4, *p.* 1008, *and note (l).* The reason why a bail-bond and replevin-bond are not within the act, is because the courts of law can afford relief to the defendant in actions on them, without his being compelled to go into a court of equity, and therefore they do not fall within the rule which produced the statute.

The only breach that can be assigned on a bail-bond is the non-appearance of the defendant in the original suit. The judgment is entered for the penalty, and, if it is by default, the court (if the original action was on contract), assess the sum due.

It would seem to have been the practice at one time, in the English courts, to limit the plaintiff's recovery against bail to the amount sworn to by the plaintiff in the original action. *Middleton* v. *Bryan*, 3 *M. & S.* 155; *Petersd. on Bail* 264–5; *Jackson* v. *Hassel*, 1 *Doug.* 330; *Clarke* v. *Bradshaw*, 1 *East* 91.

But the more approved rule has been, that the bail are liable to pay the plaintiff the whole debt for which the plaintiff might have had judgment against the original defendant, to the full extent of the penalty of the bond. *Bac. Abr.*, " *Bail*," (*D* 2); *Mitchell* v. *Robertson*, 1 *H. Bl.* 76; *Orton* v. *Vincent*, 1 *Cowp.* 42; *Walker* v. *Carter*, 2 *W. Bl.* 816; *Stevenson* v. *Cameron*, 8 *T. R.* 28.

If the sum sworn to were the amount which the plaintiff was entitled to recover on the bail-bond, we can readily understand the ruling of the court in *Moody* v. *Pheasant*, 2 *Bos. & Pul.* 446, that no writ of inquiry was necessary, although, as it is there admitted, the practice had long been otherwise. But if, as appears to have been clearly the law by the other cases and authorities cited, the plaintiff was entitled to recover the amount of his debt in the original action, and costs, then there must be some method of ascertaining that amount.

It will hardly be conceded that, after the plaintiffs have brought the defendants out of the court where they can properly have relief, into this court, and have here obtained a judgment by default, the defendant, who is surety on the bail-bond, must pay the whole penalty, without regard to the amount that is due. The defendant in a bail-bond has never been obliged to go to a court of equity, but has always found protection in a court of law.

The correspondence between an action upon a bail-bond and a replevin-bond has been noticed in several of the au-

thorities above cited. These two kinds of bonds have been excepted out of the statutes applying to other bonds with special conditions, for the very reason that courts of law afford relief in proceedings under them.

The practice has been recently (1874) discussed and decided in this court, where there was a judgment by default on a bond given by a plaintiff in replevin. *Peacock* v. *Haney*, 8 *Vroom* 179.

It is there held, that as the damages are for an uncertain sum, to be ascertained on the hearing of testimony and the exercise of judgment on the effect of proof, there must be a writ of inquiry. But in *Middleton* v. *Bryan*, 3 *M. & S.* 155, classing replevin-bonds with bail-bonds, and using precisely the same arguments which have been urged in this case, it was held that no writ of inquiry was necessary, because the value of the goods distrained had been ascertained before the bond was given. Such has not been the practice of our court, and the better rule should be applied to both kinds of bonds. By Section 149 of our Practice Act, the plaintiff may have his damages assessed by the court, in actions of *assumpsit*, or by the clerk, when the court is not actually in session. By Section 150 of the same act, in all actions *ex contractu*, where the damages or sum recoverable are a mere matter of calculation, or can readily be ascertained, the same may be assessed on judgment by default, by the court, or a clerk, as in actions of *assumpsit*.

The damages claimed in this case, in the original suit, are not matter of calculation nor readily ascertained. The plaintiffs claim damages for being discharged from the defendants' employment without cause. Testimony must be heard, and the judgment exercised on the effect of proof.

To reach the merits of this case, the parties should be sent to try the original suit, to determine the damages, or they must be decided here, upon a writ of inquiry.

In conformity with the practice which has been approved by this court in actions on replevin-bonds, I think there should be a writ of inquiry to ascertain these damages.

The judgment will be set aside, a judgment for the penalty of the bond ordered, and a writ of inquiry be issued to assess the damages.